JS 44C/SDNY
REV. 7/2012

# CIVIL COVER SHEET

14 CV 0236

JUDGE RAMOS

JAN 13 2014

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| BYRAN FRANCIS | THE STATE OF NEW YORK and NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| OKUN, ODDO & BABAT, P.C. (Attorneys for Plaintiff, BYRAN FRANCIS)<br>8 West 38th Street, Suite 1002<br>New York, New York 10018; (212) 642-0950 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 1983 for violation of plaintiff's civil rights.

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned

If yes, was this case Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____  & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?  No [X]  Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

TORTS                                                                                           ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | | PROPERTY RIGHTS | [ ] 450 COMMERCE |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | [ ] 490 CABLE/SATELLITE TV |
| | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | | | LABOR | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | ACTIONS UNDER STATUTES | PRISONER PETITIONS | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | CIVIL RIGHTS | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 891 AGRICULTURAL ACTS |
| | [ ] 441 VOTING | [ ] 530 HABEAS CORPUS | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 892 ECONOMIC STABILIZATION ACT |
| REAL PROPERTY | [ ] 442 EMPLOYMENT | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 220 FORECLOSURE | [ ] 444 WELFARE | | IMMIGRATION | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 240 TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 550 CIVIL RIGHTS | [ ] 463 HABEAS CORPUS-ALIEN DETAINEE | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | [X] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| [ ] 290 ALL OTHER REAL PROPERTY | | | | | |

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____    JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND:  [ ] YES  [X] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court <br> ☐ a. all parties represented <br> ☐ b. At least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

BYRAN FRANCIS
1322 Atlantic Avenue
Brooklyn, New York 11216
County of Kings

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

(1) THE STATE OF NEW YORK, Office of Attorney General, 120 Broadway, New York, NY 10271, County of New York
(2) NEW YORK DEPT. OF CORRECTIONS AND COMMUNITY SUPERVISION, Building 2, 1220 Washington Avenue, Albany, New York, County of Albany

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 01/06/14   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #   ADAM D. POLO, ESQ.   [ ] NO
                                   ☒ YES (DATE ADMITTED Mo. 8  Yr. 1997)
                                   Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.
Magistrate Judge _____ MAG DOLINGER is so Designated.
Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| BYRAN FRANCIS,<br><br>          Plaintiff,<br><br>- against -<br><br>THE STATE OF NEW YORK, NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, and DOCCS EMPLOYEES "JOHN DOE" 1 through 10, Individually and in their Official Capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>          Defendants. | Civil Action No:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial Demanded<br><br>ECF CASE |

Plaintiff, BYRAN FRANCIS, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America. Plaintiff also asserts claims under state law pursuant to the New York Court of Claims Act.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which one, if not all, of the defendants reside.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, BYRAN FRANCIS, is, and has been, at all relevant times, a resident of the State of New York.

7. Defendant, THE STATE OF NEW YORK, maintains the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS"), a duly authorized department of corrections services, as established in Article 2 of the New York State Corrections Code, responsible for the detention of inmates convicted of crimes in New York State and the administration of such detentions.

8. At all times hereinafter mentioned, the individually named defendants, NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION EMPLOYEES "JOHN DOE" 1 through 10, were duly sworn agents and employees of defendant DOCCS and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the STATE OF NEW YORK and DOCCS.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants, THE STATE OF NEW YORK and DOCCS.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendants, THE STATE OF NEW YORK and DOCCS.

12. In compliance with the New York Court of Claims Act, the plaintiff, BYRAN FRANCIS, filed a Notice of Intention on September 26, 2013, less then ninety (90) days after his

release as described, *infra*.

13. This action is commenced within two years of defendants' negligent actions, within one year of those intentional actions upon which plaintiff's claims are based, and in compliance with Section 10 of the New York Court of Claims Act.

## FACTS

14. On or about September 8, 2006, the plaintiff, BYRAN FRANCIS, was, upon a plea bargain negotiated with the District Attorney's Office, sentenced to an indeterminate sentence of one and a half to three years in Supreme Court in Erie County in the State of New York.

15. The plaintiff plead guilty to a charge of Attempted Criminal Possession of Marijuana in the Second Degree.

16. Said sentence was ordered by the Honorable Penny Wolfgang, concisely and clearly, to run concurrently with a federal sentence scheduled at that time to be imposed at a later date.

17. Shortly thereafter, on November 27, 2006, the plaintiff, BYRAN FRANCIS, was sentenced to a determinate sentence of ten (10) years by a federal judge for Marijuana Trafficking.

18. Thereafter, the plaintiff was taken into federal custody to serve his term.

19. On September 28, 2012, approximately six years later, and well over the three year maximum designated for plaintiff's state law sentence, the plaintiff was ordered released from federal custody.

20. Before his release could be carried out, however, defendants issued a detainer on the plaintiff, instructing the federal facility to continue to incarcerate him.

21. Said hold was honored by the federal facility and plaintiff remained in custody until on or about March 28, 2013.

22. On or about March 28, 2013, based on the same detainer, the plaintiff was transferred to DOCCS custody where he remained until an Order was issued by the sentencing judge, the Honorable Penny Wolfgang, requiring plaintiff to be released.

23. As a direct result of Judge Wolfgang's Order, issued on July 18, 2013, or about July 19, 2013, the plaintiff was released from custody.

24. But for the defendants' intentional and negligent actions in contravention of Judge Wolfgang's September 2006 Order, the plaintiff would not have been incarcerated from September 28, 2012 to July 19, 2013.

25. But for the defendants' deliberate indifference to the safety and well-being of the plaintiff, he would not have been incarcerated from September 28, 2012 to July 19, 2013.

26. As a result of the foregoing, plaintiff BYRAN FRANCIS sustained, *inter alia*, physical pain, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CAUSE OF ACTION FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff, BYRAN FRANCIS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and were in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out directly by the aforementioned individual defendants in their capacities as employees of the STATE OF NEW YORK and DOCCS with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their official capacities pursuant to the customs, usages, practices, procedures, and rules of the STATE OF NEW YORK and DOCCS, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the STATE OF

NEW YORK and DOCCS, which conduct is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION FOR RELIEF FOR VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. Defendants violated plaintiff's liberty interest in being released upon the expiration of his maximum term of imprisonment as set forth in Judge Wolfgang's September 8, 2006 Order.

35. Plaintiff's continued imprisonment, between September 28, 2012 and July 19, 2013 was reversed, expunged, and declared invalid by Judge Penny Wolfgang on July 18, 2013.

36. Plaintiff's continuous imprisonment between September 28, 2012 and July 19, 2013 was not authorized by any judgment, order, or declaration from any sentencing court or judge.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated without due process or justification.

## THIRD CAUSE OF ACTION FOR RELIEF FOR VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. Defendants' acted with deliberate indifference toward the safety, well-being, and constitutional rights of the plaintiff, BYRAN FRANCIS.

40. As a result, the plaintiff suffered injury sufficiently serious to implicate the prohibition against cruel and unusual punishment as delineated in the Eighth Amendment of the United States Constitution, namely, his unlawful detention for a period of approximately ten (10) months.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated without justification and in violation of his constitutionally protected rights.

## FOURTH CAUSE OF ACTION FOR
## FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

42. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false seizure by the defendants, taken and kept in custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to physical restraints, without probable cause.

## FIFTH CAUSE OF ACTION
## ASSAULT AND BATTERY UNDER NEW YORK LAW

45. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46. At the aforesaid place and time, the individually named defendants did cause plaintiff, BYRAN FRANCIS, to be unlawfully assaulted and battered, without cause or provocation.

47. The aforesaid assault and battery were caused by the individually named defendants in their individual and official capacities, while acting within the scope of their employment by defendants, THE STATE OF NEW YORK and DOCCS.

48. As a result of the aforesaid assault and battery, plaintiff, BYRAN FRANCIS, was severely and seriously injured, both physically and mentally.

## SIXTH CAUSE OF ACTION
## FALSE IMPRISONMENT UNDER NEW YORK LAW

49. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false imprisonment without privilege or consent.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period

of time, he was put in fear for his safety, and he was humiliated and subjected to physical restraints, without probable cause or privilege.

52. Plaintiff was conscious of his unlawful imprisonment during its duration.

53. As a result of the aforesaid, plaintiff, BYRAN FRANCIS, suffered physical and mental injury.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING AND RETENTION
## UNDER NEW YORK LAW

54. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. Defendants, THE STATE OF NEW YORK and DOCCS, through their agents, servants, and/or employees, were negligent in the screening, hiring, training, retention and supervision of its employees and failed to take such necessary and proper steps as to prevent the occurrence described above.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing, and other physical restraints, without probable cause, privilege, or immunity.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER NEW YORK LAW

57. Plaintiff, BYRAN FRANCIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59. The aforementioned conduct was committed by the individually named defendants while acting within the scope of their employment by defendants THE STATE OF NEW YORK and DOCCS.

60. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendants THE STATE OF NEW YORK and DOCCS.

61. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

62. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an Order awarding compensatory damages in an amount to be determined at trial;

ii. punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 6, 2014

OKUN, ODDO & BABAT, P.C.

By: _____
Adam D. Polo, Esq. (ADP-8912)
Attorneys for Plaintiff
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9886

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYRAN FRANCIS,<br><br>                            Plaintiff,<br><br>            - against -<br><br>THE STATE OF NEW YORK, NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, and DOCCS EMPLOYEES "JOHN DOE" 1 through 10, Individually and in their Official Capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                          Defendants. | Civil Action No:<br><br>**VERIFICATION** |

STATE OF NEW YORK    )
                                 : ss.:
COUNTY OF NEW YORK  )

       The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

       That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
         January 6, 2014

                                                                       _____
                                                                    ADAM D. POLO, ESQ. (ADP-8912)